## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

IN RE:

**TOBY DEAN ALLEN and
SHELLE NELLA ALLEN,**

**Debtors.**

**Case No. 09-00861-NGH**

**Chapter 7**

## MEMORANDUM OF DECISION

In April 2009, Shelle Allen ("Debtor") filed a petition for relief under chapter 7 of the Code with her then-spouse, Toby Allen. *See* Doc. No. 1. Debtor scheduled real property in Eagle, Idaho (the "Property"). The Property was encumbered by a deed of trust in favor of Countrywide/Greenpoint Mortgage Funding, Inc. The Court entered an order discharging both debtors and closing the case in July 2009. Doc. No. 20. In March 2026, Debtor filed a motion to reopen her case. Doc. No. 24. Debtor asserts creditor Onity Mortgage Corp., fka PHH Mortgage Corp., on behalf of HSBC Bank USA, N.A. ("Onity"), as successor in interest to Greenpoint, violated the discharge injunction.

Debtor filed a motion for an order to show cause why the Court should not hold Onity in contempt for violating the discharge injunction. Doc. No. 28 (the "Motion for Order to Show Cause"). Onity filed an objection. Doc. No. 30. The Court held a hearing on the contempt motion on May 18, 2026, at which time the parties consented to the Court deciding the matter based on their submissions rather than undergoing an evidentiary hearing. The parties had until May 26, 2026, to supplement the record.

MEMORANDUM OF DECISION - 1

Debtor submitted three supplemental declarations in support of the motion.  Doc. Nos. 34, 37, 38.  Onity also filed a supplemental objection.  Doc. No. 36.  The Court then took the matter under advisement.  The following constitutes the Court's findings of fact, conclusions of law, and disposition of the matter.

**BACKGROUND**

In May 2005, debtors obtained a loan from Onity's predecessor, which was secured by a deed of trust on the Property.  Toby Allen executed a quitclaim deed in favor of Debtor on June 10, 2005.  Doc. No. 28 at 43.  Upon receiving a discharge in 2009, the debtors surrendered the Property.  At some point, the debtors vacated the Property and Debtor alleges she conveyed it to Crystalee Sawyer and John Bujak in 2016 via a quitclaim deed.  In 2024, Onity initiated and conducted a nonjudicial foreclosure on the trust deed.  Following foreclosure, Onity filed an unlawful detainer/ejectment action naming Debtor, Toby Allen, and "all other guests and/or subtenants and/or unknown occupants" of the Property as defendants.  On September 20, 2024, John Bujak accepted service of the complaint as one of the unknown occupants named as a defendant.  On September 25, 2024, Onity and Bujak executed and filed a stipulated judgment and covenant not to execute.  Debtor is listed in the caption, though the judgment is between Bujak and Onity.

In support of the motion for contempt, Debtor attached three payoff demand statements sent to Debtor by Bank of America, N.A., a predecessor to Onity.  Doc. No. 28 at 55; Doc. No. 37 at 9-10.  Also attached are eleven mortgage-related notices sent to Debtor by Onity between December 9, 2013, and April 17, 2024.  Doc. Nos. 28 and 37.

MEMORANDUM OF DECISION - 2

Additionally, there are several letters from Onity sent in response to Debtor's various demands and allegations concerning the foreclosure sale and unlawful detainer/ejectment action.

**ANALYSIS**

Pursuant to § 524(a)(2),[1] a chapter 7 discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524. Like with other injunctions, a court may hold a creditor in civil contempt for violations of the discharge injunction. Section 105(a) provides courts with authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019). As stated by the Supreme Court, §§ 524(a) and 105(a) authorize the imposition of civil contempt sanctions "when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Id.*

The moving party bears the initial burden to show the alleged violator "(1) knew the discharge injunction applied; and (2) intended the actions that violated the injunction." *Mellem v. Mellem (In re Mellem)*, 625 B.R. 172, 178 (9th Cir. BAP 2021). If the initial burden is met, the burden "shifts to the responding party to show that it was impossible [to] comply with the discharge order." *Id.* However, the "ultimate burden of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9038, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 3

persuasion remains on the movant to show, per *Taggart*, no objectively reasonable basis for concluding that the alleged contemnor's conduct might be lawful under the discharge order." *Id.*

Debtor asserts Onity violated the discharge injunction via the unlawful detainer action and via continued accruals and statements on the mortgage account and sending mailings in Debtor's name. At the hearing, Debtor clarified that she does not contest Onity's right to foreclose on the Property but takes issue with the procedures Onity followed and the unlawful detainer/ejectment action. To be clear, the question before this Court is whether Onity's actions violated the discharge injunction—not whether Onity's actions were proper under applicable state law. To the extent Debtor challenges the procedures or merits of the unlawful detainer/ejectment action, this Court is not an appellate court and does not have the power to review or overturn the state court's decisions. *See Mellem*, 625 B.R. at 181.

### 1. Whether the unlawful detainer/ejectment action violated the discharge injunction.

While the discharge injunction is broad, a discharge under § 524(a) "extinguishes *only* 'the personal liability of the debtor.'" *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). Therefore, a creditor's right to pursue in rem relief, such as the right to foreclose on a mortgage, "survives or passes through the bankruptcy." *Id.* To establish a violation of the discharge injunction, Debtor must show by clear and convincing evidence that the unlawful detainer/ejectment action was an attempt to collect, recover, or offset a discharged debt as a personal liability of Debtor.

MEMORANDUM OF DECISION - 4

Here, the unlawful detainer/ejectment action was initiated after Onity foreclosed on the Property, and Onity sought possession alone; it did not assert a claim for monetary relief from Debtor, Bujak, or any occupant. As explained by the bankruptcy court for the Northern District of California, "[a]n unlawful detainer judgment for possession is not an attempt to collect a debt." *In re Muhammad*, 2015 WL 13742904, at *2 (Bankr. N.D. Cal. Mar. 9, 2015). Instead, "it is akin to asserting in rem relief, which is not barred by the discharge injunction." *Id*. Additionally, the stipulated judgment was entered as between Bujak and Onity, not Debtor.

Nonetheless, it is Debtor's position that because she was not an occupant of the Property, it was unnecessary for Onity to name Debtor in the unlawful detainer/ejectment action and doing so adversely impacted her. While not identical, this argument could be akin to a creditor refusing to correctly report that a debt was discharged, which depending on the circumstances, may be a violation of the discharge injunction. *See* 4 Collier on Bankruptcy ¶ 524.02 (16th ed. 2026) (collecting cases) (noting debtors often feel compelled to pay debts listed in credit reports). Courts have held that a creditor's inaccurate reporting may be improperly coercive. *See, e.g.*, *Winslow v. Salem Five Mortg. Co., LLC (In re Winslow)*, 391 B.R. 212, 216 (Bankr. D. Me. 2008) (finding a creditor reporting a mortgage obligation as "an open account 30 days late" before and after discharge and ongoing refusal to fix reporting was "coercive in its effect" and thus violated the discharge injunction).

In her motion, Debtor has not presented evidence that Onity misreported or misrepresented her obligations to credit agencies despite requesting that the Court require

MEMORANDUM OF DECISION - 5

Onity to correct all negative credit reporting related to the foreclosure judgment.  The unlawful detainer/ejectment consent judgment was entered against Bujak, not Debtor.  Nevertheless, Debtor appears to be concerned that she was named on the state court docket as a defendant.  Yet Debtor has not demonstrated Onity's actions in pursuing the consent judgment were coercive or otherwise an attempt to collect a discharged debt.  Therefore, it does not appear that either the foreclosure or the unlawful detainer action violated the discharge injunction.

**2. Whether the written communications from Onity violated the discharge injunction.**

Despite the discharge of a debtor's personal liability, lienholders may need to communicate with debtors in order to enforce their liens against property.  However, a lienholder may communicate "only to the extent necessary to preserve or enforce its lien rights, and may not attempt to induce the debtor to pay the debt." *In re Marino*, 577 B.R. 772, 784 (9th Cir. BAP 2017) (noting contact may not serve to "coerce" or "harass" the debtor).  For example, in *Marino*, after the debtors received a discharge, the creditor sent nineteen offending letters and made one hundred phone calls. *Id.* at 781.  The court concluded that "[t]he notices and statements gave the impression that the Marinos were still liable for the mortgage payments, taxes, and force-placed insurance premiums" and, even if some of the notices did not violate the discharge injunction, the "cumulative effect of all of the letters demanding money created the perception that the Marinos needed to pay." *Id.* at 784.  The disclaimer language in the letters was ineffective because, for one, it appeared in small font at the bottom of the page or the end of the

MEMORANDUM OF DECISION - 6

letter and stated, "'*if* you have filed for bankruptcy and *if* you have received a discharge,'" despite the creditor knowing the debtors had indeed filed bankruptcy and received a discharge. *Id.* at 780 (emphasis added). *See also Kirby v. 21st Mortg. Corp. (In re Kirby)*, 599 B.R. 427, 441 (1st Cir. BAP 2019) (collecting cases noting the presence of a disclaimer is not dispositive). The letters were also internally contradictory as to whether the debtors were required to pay, which reasonably caused the debtors confusion.

Here, Debtor has submitted eleven separate correspondences from Onity.[2] As is apparent from the documents and acknowledged by Debtor at the hearing, Debtor submitted only select pages of the correspondences, which constrains the Court's review. At the top of the three mortgage statement letters there is a "bankruptcy message," which states:

> Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy.
> We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

Doc. No. 28 at 32, 38. These statements do not provide an amount "due" from Debtor or otherwise demand payment. In the two mortgage assistance options letters, the first paragraph states: "We have received notification of the recent filing for bankruptcy protection associated with this account. **This letter is not an attempt to collect a**

---

[2] Debtor also submitted 2010 and 2011 letters from Bank of America. Onity argues it cannot be held liable for the actions of an unrelated entity. The Court agrees that these correspondences fail to establish Onity's violation of the discharge injunction.

MEMORANDUM OF DECISION - 7

**protected debt**.  We do, however, wish to advise of certain **mortgage assistance options**

**that may be available** to you."  Doc. No. 28 at 34-35 (emphasis in original).  Unlike the

letters in *Marino*, these statements contain a disclaimer that is in a conspicuous location

and clearly indicates Onity's awareness that Debtor's personal liability has been

discharged and it is not Onity's intent to collect from Debtor.

The early intervention letter states that the account is in foreclosure and "can be

reinstated by paying the past due payment(s)" and provides borrower assistance options

"[i]f help is needed."  Doc. No. 28 at 28.  The letter contains what appears to be a

standard disclaimer at the bottom of the page, which states:

> This communication is from a debt collector attempting to
> collect a debt; any information obtained will be used for that
> purpose.  However, if the debt is in active bankruptcy or has
> been discharged through bankruptcy, this communication is
> provided purely for informational purposes only with regard to
> our secured lien on the above referenced property.  It is not
> intended as an attempt to collect a debt from you personally.
> As may be required by state law, you are hereby notified that a
> negative credit report reflecting on an accountholder's credit
> may be submitted to a credit reporting agency if credit
> obligation terms are not fulfilled.

This letter does not demand payment, it only states that the account can be reinstated by

paying the past due payment(s).  The two escrow statements contain the same standard

disclaimer and an additional disclaimer in the first paragraph, but it is apparent these are

for informational purposes and do not urge payment by the account holder.  Doc. No. 28

at 27, 37.  The 2013 notice of servicing transfer contains a short standard disclaimer at

the bottom of the letter.  It states "the servicing of your mortgage loan, that is, the right to

collect payments from you, is transferring from Bank [o]f America" and instructs

MEMORANDUM OF DECISION - 8

customers to send payments to the new servicer as the prior servicer will stop accepting payments. Doc. No. 37 at 12-13. However, this does not appear to demand payment or attempt to collect on a debt but to provide Debtor with information concerning the change in servicer. The mortgage interest statement does not appear to include a disclaimer but also does not seek payment from Debtor and is unrelated to the collection of a debt. Doc. No. 28 at 33.

Finally, the force-placed insurance letter requests updated insurance information on the Property and informs Debtor she may buy hazard insurance herself in order to avoid Onity's purchase of the insurance. Doc. No. 28 at 29, 39.[3] It states Onity "previously bought insurance for the Property and assessed the cost to the mortgage account." It asserts hazard insurance is "required" and Onity "intend[s] to maintain insurance on the Property by renewing or replacing the insurance we bought." This letter does not plainly demand payment from Debtor and apparently serves an informational purpose, despite the lack of disclaimer or other notice on the page provided by Debtor.

These communications do not amount to coercion, harassment, or an attempt to induce payment or collect from Debtor personally. Furthermore, the Court notes that many of these communications are required by law in order for Onity to preserve its lien rights. *See, e.g.*, 12 C.F.R. § 1024.33 (2026) (notice of loan servicing transfer); 12 C.F.R.

---

[3] The same April 17, 2024, letter appears twice in the attached exhibits.

MEMORANDUM OF DECISION - 9

§ 1024.37 (2026) (notice of force placed insurance).  Therefore, it does not appear these communications were in violation of the discharge injunction.[4]

**CONCLUSION**

In all, Debtor did not submit sufficient evidence to demonstrate Onity violated the discharge injunction.  It is not apparent Onity went beyond what was necessary to protect or enforce its lien rights with respect to the unlawful detainer/ejectment action, and the written communications from Onity do not evince harassment, coercion, or an attempt to induce payment.  Therefore, the Court will deny Debtor's Motion for Order to Show Cause.  The Court will enter its own separate order.

DATED:  July 30, 2026



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

---

[4] To the extent Debtor asserts it is a violation of the discharge injunction for Onity to continue to add interest and insurance costs to the outstanding loan obligation, Debtor fails to demonstrate how this constitutes an attempt to collect from her personally.  Rather, as stated above, Onity's in rem rights passed through the bankruptcy, and the Property remains subject to Onity's lien interest.

MEMORANDUM OF DECISION - 10